UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
P. STEPHEN LAMONT,

                       Plaintiff,

  - against -

JOHN PILKINGTON and MARY ELLEN
PILKINGTON,

                       Defendants.
-------------------------------------------------------------x

**OPINION & ORDER**

No. 18-CV-11632 (CS)

Appearances:

P. Stephen Lamont
Santa Clara, California
*Pro Se Plaintiff*

Michael N. Romano
Pilkington & Leggett, P.C.
White Plains, New York
*Counsel for Defendants*

Seibel, J.

      Before the Court is Defendants' motion to dismiss Plaintiff's Amended Complaint, (Doc. 20 ("AC")), pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 23.)[1] For the reasons stated below, Defendants' motion is GRANTED and the AC is dismissed.

**I.    BACKGROUND**

      For the purposes of this motion, I accept as true the facts, but not the conclusions, as set forth in the AC.

---

[1] Defendants filed a duplicative notice of motion as Doc. 25, which I disregard.

Beginning on or about March 1, 2013, *pro se* Plaintiff P. Stephen Lamont and his then-eleven-year-old son "SL" began living in an apartment rented from Defendants John and Mary Ellen Pilkington at 1095 Boston Post Road in Rye, New York.  (AC ¶ 8; *see also id.* ¶ 9; *id.* Ex. D.).  Approximately ten months into the tenancy, the appliances in Plaintiff's apartment began to fail.  (*Id.* ¶ 10.)  First, in January 2014, the broiler in the apartment burst into flames.  (*Id.*)  Defendants' property manager "arrived on the scene," but Defendants did not replace the oven.  (*See id.* ¶ 12.)  Second, in January 2015, the refrigerator and freezer stopped working.  (*Id.* ¶ 14-15.)  As a result, Plaintiff could not store food for SL in his home.  (*Id.* ¶ 15.)  He paid $298.41 for repairs and more than $1,000 worth of food spoiled.  (*Id.* ¶¶ 14-15).  Defendants did not reimburse Plaintiff for the repairs despite his request.  (*Id.* ¶ 14.)

On January 15, 2015, Ramonita Reyes, a caseworker from the Westchester County Department of Social Services, ("DSS"), conducted a "spot check" at Plaintiff's apartment.  (*Id.* ¶ 19.)  Plaintiff's apartment did not have a working oven or refrigerator at the time of Reyes's visit, and his refrigerator did not contain any food.  (*Id.* ¶ 20).  On January 16, 2015, Reyes obtained an order of temporary removal of SL.  (*Id.* ¶ 21.)  SL was subsequently placed into foster care.  (*See id.* ¶ 23.)

On April 27, 2017, Plaintiff was evicted from Defendants' property.  (*Id.* ¶ 25).  At the time of his eviction, Plaintiff apparently left behind the following items:  (1) five Oxxford Clothes suits, five pairs of dress slacks, and one sport jacket, worth $40,000; (2) twenty-four Hermès ties worth $4,320; (3) three pairs of Churches English shoes worth $2,235; (4) a Brooks Brothers tuxedo, tie, cufflinks, and studs, worth $700; (5) nine Brooks Brothers dress shirts worth $1,000; (6) one diamond engagement ring worth $10,000; (7) one Cartier watch worth $4,000; (8) one set of gold cufflinks worth $1,500; and (9) various "priceless" medals, ribbons,

and trophies from SL's career as a diver and soccer player. (*Id.* ¶ 35.) Plaintiff further claims that his personal property included a hard drive containing spreadsheets that he needs for his work with "the major motion picture studios and network programmers." (*Id.* ¶¶ 48-50.)

Plaintiff repeatedly asked Defendants to return his property, but these requests have been ignored. (*Id.* ¶¶ 26-27).

## II. PROCEDURAL HISTORY

Plaintiff commenced this action on December 10, 2018, (Doc. 1). The Court held a pre-motion conference on April 9, 2019, (Minute Entry dated Apr. 9, 2019), and on April 22, 2019, Plaintiff amended his complaint, (AC). Plaintiff asserts claims for negligence, conversion of property, and tortious interference with a business relationship. (AC ¶¶ 55-63.) On May 20, 2019, Defendants filed a motion to dismiss on the grounds that (1) this Court lacks subject matter jurisdiction, (2) Plaintiff fails to state a claim upon which relief can be granted, and (3) the applicable statute of limitations for Plaintiff's negligence claim has expired. (Doc. 22 ("Ds' Mem.").)

## III. DISCUSSION

### A. Special Solicitude Afforded to *Pro Se* Litigants

Ordinarily, complaints by *pro se* plaintiffs are to be examined with "special solicitude," interpreted "to raise the strongest arguments that they suggest," *Shibeshi v. City of N.Y.*, 475 F. App'x 807, 808 (2d Cir. 2012) (summary order) (emphasis and internal quotation marks omitted), and "held to less stringent standards than formal pleadings" drafted by lawyers, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*) (internal quotation marks omitted). Plaintiff, however, has represented that he is a law school graduate, (AC ¶ 35(h); *see* Doc. 19), and the liberal construction courts generally give the pleadings of a *pro se* litigant does not apply. *See*

3

*Levy v. Welsh*, No. 12-CV-2056, 2013 WL 1149152, at *3 (E.D.N.Y. Mar. 19, 2013) (collecting cases).

B. **Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction**

To survive a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a plaintiff must show that the court has "the statutory or constitutional power to adjudicate" the dispute at issue. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). When jurisdiction is challenged, the plaintiff bears the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists. *Id.* In considering such a motion, the court may consider evidence outside the pleadings. *Id.* Where, as here, a defendant moves to dismiss both for lack of subject matter jurisdiction and on other grounds, such as failure to state a claim upon which relief can be granted, the court must address the issue of subject matter jurisdiction first. *See Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990).

Defendants contend that this Court does not have subject matter jurisdiction, because there is no diversity of citizenship between the parties. (Ds' Mem. at 1, 8-9.) Diversity exists when the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). A person's citizenship for purposes of diversity jurisdiction is his domicile, which is defined as the state in which a person both is present and intends to remain for the indefinite future. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). For the purposes of establishing diversity jurisdiction, "the relevant domicile is the parties' domicile at the time the complaint was filed." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019).

"One acquires a 'domicile of origin' at birth, and that domicile continues until a new one . . . is acquired." *Holyfield*, 490 U.S. at 48. To effect a change in domicile, Plaintiff must prove two elements: "'[f]irst, residence in a new domicil; and, second, the intention to remain

4

there.'" *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) (quoting *Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 383 (1904)).  Where, as here, a party seeks to prove a change in domicile to establish diversity jurisdiction, the party must prove that change by clear and convincing evidence.  *Braten v. Kaplan*, No. 07-CV-8498, 2009 WL 614657, at *3 (S.D.N.Y. Mar. 10, 2009), *aff'd*, 406 F. App'x 516 (2d Cir. 2011) (summary order).  "Intent can be inferred from a wide range of facts, and, as such, the totality of the circumstances surrounding a person's residences is relevant to the question," *Reich v. Lopez*, No. 13-CV-5307, 2015 WL 1958878, at *2 (S.D.N.Y. Apr. 30, 2015) (internal quotation marks and alteration omitted), *aff'd*, 858 F.3d 55 (2d Cir. 2017), including "the place of [a person's] family ties, voter registration, tax liability, driver's license and vehicle registration, business activities, bank accounts, social activities and religious affiliations," *Morrison v. Blitz*, No. 88-CV-5607, 1996 WL 403034, at *1 (S.D.N.Y. July 18, 1996).  Whether a residence is rented rather than owned goes to the permanence of the living arrangements.  *See Nat'l Artists Mgmt. Co. v. Weaving*, 769 F. Supp. 1224, 1228 (S.D.N.Y. 1991).

Here, Plaintiff has not shown by clear and convincing evidence that he has changed his domicile to California.  He asserts that he resides in California under a six-month lease that he has renewed twice, (Doc. 26 ("P's Opp.") ¶ 7), but residency and domicile are not necessarily synonymous, *Holyfield*, 490 U.S. at 48, and under the totality of the circumstances, he has not shown that he ever had an intent to remain in California.  To the contrary, Plaintiff affirmatively represented at the pre-motion conference that he has "plans to move back to New York as soon as [he] can."  (Doc. 21 Ex. J at 10:12-13.)  He said that he was residing in California because of unrelated litigation and that when it concludes, he will "have no other business in California." (*Id.* Ex. J at 18:10-16.)  Plaintiff also represented that he is in California to find a partner for his

company but that he "can pursue that . . . back in New York" and "even pursue a new position in New York." (*Id.* Ex. J at 18:16-22.) Accordingly, when asked if it was his intention to return here, he answered, "Yes." (*Id.* Ex. J at 18:23-24.)

In sum, not only has Plaintiff provided no evidence that he intends to remain in California, but he has confirmed that he did not and does not intend to remain there, and thus he has shown he is not domiciled in California. Accordingly, I do not have diversity jurisdiction over this case and it must be dismissed.[2] I need not reach Defendants' other arguments.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's AC is GRANTED. The Clerk of the Court is respectfully directed to terminate the pending motions, (Docs. 23, 25), and close the case.

**SO ORDERED.**

Dated: October 8, 2019
 White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[2] In his opposition, Plaintiff does not dispute that he is "desirous of relocating back to the East Coast" and intends to leave California, (P's Opp. ¶ 8), but says he has a contract for a home in Connecticut and will live there, (*id.*). Putting aside Plaintiff's lack of credibility, *see, e.g.*, No. 15-CV-1159, Doc. 11 at 2, 4-5; *id.* Doc. 18 at 3; *id.* Doc. 157 at 2; *id.* Doc. 176 at 1, diversity is assessed as of the time of filing, *see Van Buskirk*, 935 F.3d at 53, so even if Plaintiff now truly intends to move to Connecticut in the future, that would not show that he was domiciled outside of New York at the time of filing and in fact undercuts his claim of domicile in California.